ORAL ARGUMENT NOT YET SCHEDULED

———————————————————

# No. 13-3062

———————————————————

## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————————————

UNITED STATES OF AMERICA,                    Appellee,

      v.

JAMES WENDELL BROWN,                         Appellant.


———————————————————

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————

## BRIEF FOR APPELLANT

———————————————————

Barbara E. Kittay, Esquire
Counsel for Appellant
(Appointed by the Court)
D.C. Bar Number 414216

11140 Rockville Pike
Suite 100-284
Rockville, Maryland  20852
(301) 468-1817
bkittay@verizon.net

Crim. No. 12-CR-155 (RJL)

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 28(a), appellant, James Wendell Brown, hereby states as follows:

A.  <u>Parties and *Amici*</u>:  The parties to this appeal are appellant, James Wendell Brown, and the United States of America, appellee.  There are no intervenors or *amici*.

B.  <u>Rulings Under Review</u>:  This appeal arises from a final judgment of criminal conviction, following a guilty plea in the United States District Court for the District of Columbia, to a violation of 18 U.S.C. §2252A(a)(2) (Distribution of Child Pornography).  Appellant argues that in sentencing him, the trial court exceeded its authority by departing upward from the U.S. Sentencing Guidelines.  Appellant filed a timely notice of appeal on July 10, 2013.

C.  <u>Related Cases</u>:  This matter is on appeal for the first time before this Court.  There are no related cases.

# I N D E X

Page

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . 1

THE PLEA AGREEMENT  . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . 5

ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . 6

      The district court improperly departed
      upward from the advisory Guidelines range
      and provided insufficient justification . . . . . . 6

      A.   Procedural Background . . . . . . . . . . . . 6

      B.   Standard of Review  . . . . . . . . . . . . . 9

      C.   Legal Analysis  . . . . . . . . . . . . . . . 9

            1.   The trial court incorrectly interpreted
               the amendment to the plea agreement  . . . 9

            2.   The trial court provided insufficient
               justification for upward departure  . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COMPLIANCE  . . . . . . . . . . . . . . . . 18

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . 19

ADDENDUM  . . . . . . . . . . . . . . . . . . . . . . . . A-1

## TABLE OF AUTHORITIES

### CASES

*Gall v. United States*, 552 U.S. 38 (2007) . . . . . . . 9

**\*** *United States v. Angle*, 216 F. App'x 557
    (7th Cir. 2005) . . . . . . . . . . . . . . 13, 15-16

**\*** *United States v. Gawthorp,* 310 F.3d 405
    (6th Cir. 2002) . . . . . . . . . . . . . . . . 15

*United States v. Johnson*, 427 F.3d 423
    (7th Cir. 2005) . . . . . . . . . . . . . . . . 14

*United States v. Lucero,* 747 F.3d 1242
    (10th Cir. 2014) . . . . . . . . . . . . . . . . 15

*United States v. McCaffrey,* 437 F.3d 684
    (7th Cir. 2006). . . . . . . . . . . . . . . 14, 15

*United States v. Ohlinger*, 141 F. App'x 470
    (7th Cir. 2005) . . . . . . . . . . . . . . . . 14

*United States v. Reingold*, 731 F.3d 204
    (2d Cir. 2013) . . . . . . . . . . . . . . . . . 9

---

**\*    Authorities upon which we chiefly rely are marked with asterisks.**

iv

## STATUTES AND OTHER REFERENCES

18 U.S.C. §2252A(a)(2) . . . . . . . . . . . . . . . . . 1, 4
18 U.S.C. §2252A(b)(1) . . . . . . . . . . . . . . . . 11
18 U.S.C. §3553(a)(1) . . . . . . . . . . . . . . . . . 8
18 U.S.C. §3553(a)(2)(A) . . . . . . . . . . . . . . . 8
18 U.S.C. §3553(a)(2)(B) . . . . . . . . . . . . . . 8, 9
18 U.S.C. §3553(a)(2)(C) . . . . . . . . . . . . . . . 8

USSG §2G2.2 . . . . . . . . . . . . . . . . . . . . . 2
USSG §2G2.2(b)(2) . . . . . . . . . . . . . . . . . . 4
USSG §2G2.2(b)(3)(F) . . . . . . . . . . . . . . . . . 4
USSG §2G2.2(b)(4) . . . . . . . . . . . . . . . . . 2, 8
USSG §2G2.2(b)(5) . . . . . . . . . . . . . 4, 13, 15, 16
USSG §2G2.2(b)(6) . . . . . . . . . . . . . . . . . . 4
USSG §2G2.2, Application Note 7 . . . . . . . . . 13, 16
USSG §3B1.1 . . . . . . . . . . . . . . . . . . . . . 4

FRAP 32(a)(7)(C) . . . . . . . . . . . . . . . . . . 17
D.C. Circuit Rule 28(a)(5) . . . . . . . . . . . . . vii

## **ISSUES PRESENTED**

In the opinion of the appellant, the following issue is presented by this appeal:

Whether the district court exceeded its authority in sentencing the defendant, when it departed upward to compensate for the declination of further prosecution by state and federal authorities in the Commonwealth of Virginia, when, in fact, the plea agreement included a five-level increase to capture the state conduct and the defendant had accepted responsibility for that conduct; or whether, having correctly understood that the enhancement had been applied, the trial court double-counted the conduct, without sufficient explanation or justification.

## STATUTES AND REGULATIONS

Pursuant to D.C. Circuit Rule 28(a)(5), appellant notes that the following statutes and regulations are pertinent to this appeal:

<u>Criminal Offenses</u>
18 U.S.C. §2252A(a)(2)
18 U.S.C. §2252A(b)(1)
18 U.S.C. §3553(a)(1)
18 U.S.C. §3553(a)(2)(A)
18 U.S.C. §3553(a)(2)(B)
18 U.S.C. §3553(a)(2)(C)

<u>Sentencing Guidelines (2012 ed.)</u>
USSG §2G2.2
USSG §2G2.2(b)(2)
USSG §2G2.2(b)(3)(F)
USSG §2G2.2(b)(4)
USSG §2G2.2(b)(5)
USSG §2G2.2(b)(6)
USSG §2G2.2, Application Note 6
USSG §3B1.1

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
————————————————

No. 13-3062
————————————————

UNITED STATES OF AMERICA,                          Appellee,

v.

JAMES WENDELL BROWN,                               Appellant.

————————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
————————————————

BRIEF FOR APPELLANT
————————————————

STATEMENT OF THE CASE

On July 6, 2012, James Wendell Brown was charged in a one-count Criminal Information with Distribution of Child Pornography, in violation of 18 U.S.C. §2252A(a)(2) (*see* JA 13-14).[1]

The Honorable Judge Richard J. Leon conducted two guilty plea hearings and two sentencing hearings, in this

---

[1] "JA" refers to the Joint Appendix submitted with this brief, after consultation with the United States Attorney's Office, Appellate Division.  With respect to transcripts of the proceedings, only two are necessary to this review on appeal:  (1) the guilty plea hearing on June 19, 2013 (referred to as "Plea Tr. [page]" and "JA [page]"); and the sentencing hearing on June 26, 2013 (referred to as "Sent'g Tr. [page]" and "JA [page]").

case: after a first plea hearing, a first sentencing was aborted when the probation officer responsible for the Presentence Report (PSR), viewed the images in question and disagreed with the application of the enhancement (under United States Sentencing Guidelines (2012 ed.) ("USSG") §2G2.2(b)(4)), for portrayal of "sadistic or masochistic conduct," an enhancement to which the parties initially had agreed (*see* Plea Agreement dated Jan. 2, 2013, at 2; JA 16). Because this changed dramatically the applicable guideline range, the parties signed a new plea agreement (*see* Plea Agreement dated Apr. 29, 2013, at 2, JA 24), and the trial court ordered that the defendant allocute anew, to the amended (lower) guideline range, at a second guilty plea hearing, held on June 19, 2013 (Plea Tr. 2; JA 86).

At the sentencing hearing held on June 26, 2013, Judge Leon sentenced the defendant above the advisory guideline range, to 144 months' imprisonment, to be followed by 240 months (20 years) of supervised release, and ordered the defendant to pay a $100 special assessment (Sent'g Tr. 38, JA 147; *see also* JA 73-78).

Appellant noted his appeal on July 10, 2013 (JA 83).

## THE PLEA AGREEMENT

According to the "Statement of the Offense," an addendum to the plea agreement, separately acknowledged and signed by the defendant, this conviction is the product of an online sting operation conducted by Metropolitan Police Department (MPD) Detective Timothy Palchak, part of the operation of an MPD/FBI task force that seeks to identify individuals who use the Internet to promote their sexual interest in children (JA 33).  On March 5, 2012, the defendant, using the screen name "justluckyjwb," initiated a "chat" (an online conversation) with Det. Palchak, during which he:  (1) expressed an interest in meeting a pre-pubescent child; (2) admitted to having had past sexual contact with his grandchild; and (3) sent three images of child pornography, one depicting a close-up picture of what appears to be a child's vagina, and the other two depicting pre-pubescent girls performing sexual acts with an adult male (JA 33-35).

Further investigation revealed open investigations by the Fauquier County (Va.) Sheriff's Office, into allegations that the defendant had molested three children: (1) his granddaughter "K.S." (age 7 at the time of the inquiry); (2) his granddaughter "L.S." (age 4 at the time of the inquiry, but alleged to be age 3 at the time of the

- 3 -

abuse); and (3) his biological daughter "J.W." (age 14 at the time of the inquiry, but alleged to be age 6 at the time of the abuse) (JA 35-36). As part of his plea agreement, the defendant conceded that the government could prove specific instances of abuse by "clear and convincing evidence" (JA 36).

On July 6, 2012, the government filed a Criminal Information charging one count of Distribution of Child Pornography, in violation of 18 U.S.C. §2252A(a)(2) (JA 13-14), and ultimately filed a plea agreement setting forth the defendant's acceptance of the joint recommendation of a sentence of 151 months, as follows:

Base Offense Level (USSG §2G2.2):                        **22**

Adjustments:

    Victim less than 12 years old (§2G2.2(b)(2))      **+2**
    Distribution (§2G2.2(b)(3)(F))                    **+2**
    Portrayal of Sadism/masochism (§2G2.2(b)(4))      **+4**
    Use of a computer (§2G2.2 (b)(6))                 **+2**
    Pattern of sexual abuse of a minor(§2G2.2 (b)(5)) **+5**

Adjusted offense level                         =        **37**

Reduction for acceptance of responsibility (§3E1.1)      **-3**

Stipulated total offense level                          **34**

See Plea Agreement dated Jan. 2, 2013 at 2-3 (JA 16-17).

Because the defendant has no criminal history, the recommended range of incarceration for level 34 was 151-188

months (JA 17), but when the 4-level enhancement for sadism/masochism was eliminated, the total offense level dropped to **30**, and the applicable range dropped to **97-121** months (*See* Plea Agreement dated Apr. 29, 2013 at 2-3; JA 25-26). The government, having agreed earlier not to oppose a "low end" sentence, honored that promise at the amended level (Sent'g Tr. 3-4; JA 112-113).

## SUMMARY OF THE ARGUMENT

The trial court abused its discretion in departing upward from the advisory Sentencing Guidelines. The court believed that departure was necessary to compensate for what it erroneously believed was a withdrawn, 5-level enhancement for "pattern of sexual abuse of a minor," when, in fact, a different, 4-level enhancement had been withdrawn by the parties and the Department of Probation, and the 5-level enhancement for pattern behavior was still a part of the advisory guidelines range. The defendant also contends that if the court did, in fact, understand correctly that the 5-level enhancement for "pattern of abuse" had been applied, then the court's upward departure double-counted the conduct without sufficient explanation or justification.

## ARGUMENT

I. **The district court improperly departed upward from the advisory Guidelines range and provided insufficient justification**

A. **Procedural Background**

As set forth above, the final adjusted offense level set forth in the plea agreement and the PSR was **30** (**97-121 months**). This represented a 4-level decrease from an original plea agreement and PSR, caused by subsequent agreement of the parties and the Probation Officer that the 4-level enhancement for portrayal of "sadistic or masochistic" conduct was inappropriate (Plea Tr. 3, 5, JA 86, 88). At sentencing, however, the court repeatedly and *exclusively* complained that the plea agreement had incorporated a declination of prosecution, by authorities in Virginia, with respect to the allegations that the defendant had molested his grandchildren and daughter:[2]

> The government now all of a sudden with the five credit *[sic]* enhancement taken away changes dramatically the guideline range. I mean a 151 to 188 range is a lot different than a 97 to 121. So the government had a case that it believed was worth 151, which is not 13 years in jail, 13 and change, to all of sudden -- and again, required to go at the low end of the range

---

[2]    Indeed, the court repeatedly refers to a "5-point" change in the USSG calculation and the declination of Virginia authorities, and not the 4-level enhancement relating to sadism/masochism that, in fact, had been omitted in the new calculation (*see, e.g.,* Sentencing Tr. 4, 5, 15; JA 112, 113, 123).

- 6 -

by its own agreement.  So now having a guideline
range low end 97 roughly to 121 so low end would
be probably the high nineties to the low
hundreds, something like that.
          It's a very different situation.  And at the
point in time that that occurred, that that
change occurred the authorities in Virginia had
already committed, had they not? … To foregoing
prosecution for his conduct in Virginia.  And
that's part of the deal, too, is it not? …
          How can you justify 97 months?  I mean
you're locked in to it under the plea agreement,
but this Court isn't.  There's a pattern and
practice of abusing children over a long period
of time, and I'm talking about little children,
real little children, three years old, five years
old, four years old.  Government made the deal.
Protecting the public is my number one
responsibility.

(Sent'g Tr. 5-6; JA 114-115).

The parties reminded the court that the defendant's

conduct in Virginia was addressed in the guideline range

(Sent'g Tr. 13, 16-17, 18, JA 122, 125-26, 127); indeed,

the prosecutor explained at length the rationale for

omitting the 4-level "sadism/masochism" enhancement (Sent'g

Tr. 6-7, JA 115-116), but the trial court's focus was the

declination by local authorities:

          This is a very unusual case.  I've been on
this court 11 years.  This is not a normal case.
This is a case that has not only interstate
transmission of these images.  We get some of
those.  Those carry a five year mandatory
minimum, as you well know.  We get some of those.
Then we get some cases where there's predatory
conduct i.e., people looking to get access to
infants, children and looking for others to help
them get to them.  We get that here, too.

>           We've had some of those cases, too.  But
>      here we have not only those two elements we have
>      a third.  We have an admitted track record of
>      molesting children by his own admission.  He's
>      acknowledged.  Government's got the evidence.
>      And based upon his acknowledgment of that the
>      authorities in Virginia both federal and state
>      have taken a pass in this case in their state, in
>      their jurisdiction.  They have authority to bring
>      their own prosecutions over there.  They've taken
>      a pass.
>           So here we have all three combined.  This is
>      a very unusual case.  We don't get these cases
>      very often, thank God.  I'm not looking for them
>      that's for sure, but we have all three here.

*See* Sent'g Tr. 7-8, JA 115-117.  *See also* Sent'g Tr. 15, JA

124 (the court again complains about local declination) and

Sent'g Tr. 18, JA 127 ("This is quickly becoming a case

study [of] all the reasons why the federal sentencing

guidelines are not really {a} great system").

In Section I of its written "Statement of Reasons,"

filed on July 2, 2013 (JA 79-82), the trial court did

acknowledge the amendment to the PSR that disallowed the 4-

level enhancement under §2G2.2(b)(4) (*see* JA 79), and it

checked the first four boxes incorporating factors set

forth in 18 U.S.C. §3553 (*see* JA 81).[3]  But the entirety of

---

[3]    These are "the nature and circumstances of the offense
and the history and characteristics of the defendant
[§3553(a)(1)]; to reflect the seriousness of the offense,
to promote respect for the law, and to provide just
punishment for the offense [§3553(a)(2)(A)]; to afford
adequate deterrence to criminal conduct [§3553(a)(2)(B)];
[and] to protect the public from further crimes of the
defendant [§ 3553(a)(2)(C)]."

the narrative explanation for upward departure was a

summary of elements, each already addressed in specific

offense characteristics covered by the plea agreement and

the advisory guidelines range:

> Defendant transmitted child pornography
> interstate via the internet; engaged in predatory
> behavior; and had actual hands-on victims.  Court
> also referred to pertinent factors under 18 USC
> §3553(a).

(JA at 81 (Statement of Reasons §VI(D)).

### B.    Standard of Review

On appeal, the appropriate application of the U.S.

Sentencing Guidelines (USSG) is reviewed *de novo*, giving

deference to the trial court's findings of fact.  *United*

*States v. Reingold*, 731 F.3d 204, 222 (2d Cir. 2013).

Reviewing sentences outside the range recommended by the

USSG, appellate courts should use a "deferential abuse-of-

discretion" standard to determine whether the sentence

imposed by the trial court is "reasonable."  *Gall v. United*

*States*, 552 U.S. 38, 41 (2007).

### C.    Legal Analysis

#### 1.    The trial court incorrectly interpreted
####       the amendment to the plea agreement

From the trial court's discussion with the defendant,

it appears that the court believed that the parties had

- 9 -

amended the plea agreement to eliminate the "conduct"

enhancement (not the "sadism" enhancement"), or that both

had been withdrawn:

> Don't you think [the prosecutor] hasn't been
> talking to those AUSAs in Virginia and those
> Farquhar *[sic]* County folks?  Of course, they all
> talk with one another.  And they ended up passing
> on prosecution, prosecuting you in Virginia and
> in the state as well as federal, they both passed
> as part of the deal here.  You got the benefit of
> that.  And then it turned out you got *another*
> benefit when the deal had to be restructured
> where it went from a guideline range of 151
> minimum to 97.  That's a huge difference.

*See* Sent'g Tr. 36, JA 145 (emphasis added).

As an initial matter, we note that the court should

not have discounted the plea as having conferred a

"benefit" for the Virginia declination, unless it also

considered what the guideline range would have been *without*

a "conduct" enhancement -- that is, the court should have

also considered what punishment would have been recommended

for the transmission of child pornography alone, leaving

the defendant still accountable to the state authorities

for further prosecution.  If the court had looked at that

range (the range *without* what the court called a "pass"

from Virginia), the trial court would have started with an

adjusted advisory guideline range of **57-71 months** (level

25).[4]  It is at *this* point that the court could have

considered upward departure, to account for what it

considered unpunished conduct, or benefits conferred by

other jurisdictions.

Five levels, under our federal sentencing guidelines,

is a significant enhancement.  The defendant, by accepting

responsibility for the Virginia conduct here, saved the

government significant resources; moreover, he saved the

affected children the trauma and distress of coming forward

to testify in an additional prosecution.  The enhancement,

here, provided (at the top end of the guideline) ***fifty (50)***

additional months of punishment, without requiring state or

federal authorities to move forward with additional

proceedings.  The record, here, reflects no recognition of

the concession made by the defendant, in his plea

agreement, to accept punishment for separate (and some

might argue "unrelated") conduct in Virginia; to the

contrary, it reflects the trial court's disdain for what he

believes was a benefit conferred to him, by the government.

---

[4]    Of course, the court could not impose a sentence of less
than **60 months,** because the statute of conviction carries a
mandatory minimum, under 18 U.S.C. §2252A(b)(1).

2.    The trial court provided insufficient
      justification for upward departure

It is clear from the record that Judge Leon has little
affection for the recommendations or policies of the
Sentencing Guidelines -- even to advise his sentencing
decisions -- from his first observation that this was "a
case study [of] all the reasons why the federal sentencing
guidelines are not really [a] great system" (Sent'g Tr. 15,
JA 124), to his rejection of defense counsel's concern for
"unwarranted disparity" of sentencing:

> Oh, yeah, that[] is what the architects of the
> guidelines … Justice Breyer was the chief
> architect … that's what he had in mind.  We're
> going to make sure judges in every part of the
> country whether it's Mississippi or Chicago Los
> Angeles or Boston they are going to come out with
> the same sentencing in the same range.  That's
> what they thought.  It was a grand experiment.
> Unfortunately, the Supreme Court said it is not
> binding on federal judges who have the real
> responsibility to study the case individually and
> the history of the defendant individually.  Thank
> goodness the Supreme Court did that.

*See* Sent'g Tr. 23, JA 132.  In the trial court's view, its
responsibility and concern was -- only -- the consistency
of his own "track record" and "that there isn't unfair
disparity of sentencing by me between and among the
defendants that I'm responsible for" (Sent'g Tr. 21, 22, JA
130, 131).

- 12 -

Having given no serious consideration of the 5-level enhancement the defendant had accepted, the trial court proceeded to add punishment for the Virginia conduct, with an upward departure.  "This sort of double-counting is permissible under the guidelines but only if the pattern-of-activity adjustment does not adequately take account of the seriousness of the defendant's conduct."  *United States v. Angle*, 216 F. App'x 557, 561 (7th Cir. 2005), *citing* USSG §2G2.2, Application Note 7.[5]  Nowhere in the trial court's comments at sentencing, and certainly not in the written Statement of Reasons, did the court explain why the incidents used to justify the §2G2.2(b)(5) adjustment were serious enough to justify a sentence more than *double* that of a high-end sentence without the adjustment.[6]

Typically, conduct justifying both a "pattern-of-conduct" *and* an upward departure, involve extensive or particularly depraved sexual conduct, or a breach of a

---

[5]  Cited in *Angle* as comment 6, the comment was re-numbered in the USSG 2009 edition as "Application Note 7."

[6]  Appellant's comparison, here, is between a sentence in the **57-71 range** (without a "pattern" enhancement), and the trial court's sentence (with the upward departure) of 144 months.  Of course, the alternate comparisons include the difference between the adjusted guideline range accepted by the parties and the Probation Department (which includes the pattern enhancement) of **97-121 months,** above which the court departed by nearly *four years* (at the government's recommended low-end) and by nearly two years (at the high-end).

- 13 -

position of trust beyond that of a family member. *See*, *e.g. United States v. McCaffrey*, 437 F.3d 684, 689 (7th Cir. 2006) ("unique" circumstances proven, where a priest "sexually molested dozens of children on hundreds of occasions over the course of decades, and where the abuse was aggravated by [the defendant's] exploitation of the trust families placed in him as a clergyman"); *United States v. Johnson*, 427 F.3d 423, 424 (7th Cir. 2005) (defendant had acquired an "astonishing 10,000 to 12,000 computer images [including] 174 images of sadistic sexual acts and 42 of bestiality involving children").[7] *Cf. United States v. Ohlinger*, 141 F. App'x 470, 472 (7th Cir. 2005) (upward departure appropriate where "defendant's criminal history is significantly more serious than most defendants in the Criminal V area," because it did not adequately reflect convictions for child molestation in 1981 and 1983, and a complaint in 1987).

---

[7]    The court's explanation, in *Johnson*, included the observations of an FBI agent and postal inspector that "the images of sadistic sexual acts included images of children under the age of ten being tied up and forced to have oral, genital and anal sex with adult males [and] images of bestiality [that] depicted young children, sometimes bound, engaging in acts of intercourse and oral sex with dogs." *Johnson*, 427 F.3d at 424.  The trial judge characterized the evidence as "the most shocking he had seen in sixteen years on the bench" (*id.*).

- 14 -

In contrast are cases with fact patterns much like
that of appellant here, with sentences in the range of **63
to 78** months, with no upward departures imposed. *See e.g.,
United States v. Lucero*, 747 F.3d 1242, 1251 (10th Cir.
2014) (78 months appropriate for uncle who abused two
nieces); *United States v. Gawthorp*, 310 F.3d 405, 414 (6th
Cir. 2002) (70 months appropriate for a grandfather who
molested his daughter and later, his 3-year old
granddaughter, all but 55 months of which was to be served
concurrent with his 81-month state sentence for abusing the
granddaughter).

In *United States v. Angle*, 216 F. App'x 557 (7th Cir.
2007), a case in which the enhancement was applied for
three past incidents (including at least one involving the
molestation of the defendant's nephew), the Seventh Circuit
contrasted egregious cases like the priest in *McCaffrey*,
with cases involving what it called "sexual exploitation of
children generally":

> Although Angle was related to one of his victims,
> he is not comparable to a priest who uses his
> religious position to hide his activities.  The
> district court has also not suggested that there
> is anything unusual about the incidents that
> makes them more egregious than sexual exploita-
> tion of children generally.  The district court
> may not use these incidents to support an above-
> range sentence on remand unless it gives a
> detailed explanation of why it thinks they were
> not sufficiently accounted for by the

§2G2.2(b)(5) adjustment.  For our part, however, we do not see anything in this record … to suggest that these incidents were so serious that they could justify both a §2G2.2(b)(5) adjustment and a sentence significantly above the guideline range.

*Id.* at 561.

Appellant certainly does not seek to minimize his conduct involving his daughter and granddaughter; he simply and humbly asserts that serious behavior such as his merits an enhancement for "pattern of activity involving the sexual abuse or exploitation of a minor," under §2G2.2(b)(5), *and no more*.  There is nothing about his behavior that separates him from offenders generally; the volume or content of the three images that he transmitted does not take him above the heartland of child pornography cases; he is to be punished by a mandatory minimum of five years; and there is nothing in his past that suggests that his criminal history is underrepresented in a sentence within the advisory guidelines range of **97 to 121 months.**

The trial court has offered no adequate explanation why the "[pattern] enhancement does not adequately reflect the seriousness of the sexual abuse or exploitation involved" (*see* USSG §2G2.2, Application Note 7). Accordingly, the trial court has exceeded its authority, and has imposed an unreasonable sentence.

- 16 -

## CONCLUSION

For all of the reasons set forth herein, appellant respectfully requests that his case be remanded to the district court for re-sentencing.

Respectfully submitted,


_____
Barbara E. Kittay
D.C. Bar #414216
11140 Rockville Pike
Suite 100-284
Rockville, Maryland  20852
(301) 468-1817
bkittay@verizon.net

*Counsel for Appellant*
*(Appointed by this Court)*

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure, the undersigned counsel for Appellant hereby certifies that this Brief complies with the type-volume limitation of Rule 32(a)(7)(B).  As measured by the word processing system used to prepare this Brief, there are 4,677 words in this Brief.

_____

BARBARA KITTAY
Counsel for Appellant
(Appointed by the Court)
D.C. Bar Number 414216
11140 Rockville Pike
Suite 100-284
Rockville, Maryland  20852
(301) 468-1817
bkittay@verizon.net

- 18 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have filed the foregoing Brief for Appellant with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system on February 23, 2015.

The following is a registered CM/ECF user and will be served by the appellate CM/EC system and will be provided with paper copies of the brief and appendix, by first class, U.S. Mail, this 24th day of February:  Elizabeth Trosman, Acting Chief, Appellate Division, U.S. Attorney's Office for the District of Columbia, counsel for appellee,

_____

Barbara E. Kittay

**ADDENDUM**

**United States Code**

18 U.S.C.

§2252A  . . . . . . . . . . . . . . . . . . . A-2

§3553  . . . . . . . . . . . . . . . . . . . A-6

**United States Sentencing Guidelines (2010 ed.)**

§2G2.2 . . . . . . . . . . . . . . . . . . . A-10

§3B1.1 . . . . . . . . . . . . . . . . . . . A-14

**A-1**